

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LON JACKSON DARLEY III, as Guardian and Next Friend for LON JACKSON DARLEY IV, | §<br>§<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | Case No. 4:04-CV-241 |
| DAISY MANUFACTURING CO. d/b/a DAISY OUTDOOR PRODUCTS and DENTON SPORTS SALES, INC. d/b/a T & SONS, | §<br>§<br>§<br>§<br>§<br>§ | |
| Defendants. | § | |

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT AND DENYING AS MOOT DEFENDANTS'
MOTION TO EXCLUDE PLAINTIFF'S EVIDENCE**

Now before the Court are:

(1)     Defendant Denton Sports Sales, Inc. d/b/a T & Sons' Amended Motion to Dismiss or, Alternatively, Motion for Summary Judgment with Supporting Brief, filed May 3, 2005 [Dkt. # 30];

(2)     Joint Motion of Defendants Daisy and Denton Sports to Exclude Plaintiff's Evidence, Including Expert Testimony, or, Alternatively, Motion in Limine, with Supporting Brief, filed August 5, 2005 [Dkt. ## 33 & 34]; and

(3)     Defendant Daisy Manufacturing Co.'s Motion for Summary Judgment with Supporting Brief, filed August 8, 2005 [Dkt. # 35].

After a thorough review of the evidence, parties' pleadings, and the applicable law, the Court

GRANTS Defendant Denton Sports Sales Inc.'s Motion for Summary Judgment, GRANTS

Defendant Daisy Manufacturing Co.'s Motion for Summary Judgment, and DENIES AS MOOT

Defendants' Motion to Exclude Plaintiff's Evidence.

## I.      BACKGROUND

Plaintiff Lon Jackson Darley III, as Guardian and Next Friend for Lon Jackson Darley IV, initiated this suit in Texas state court, asserting state products liability claims for strict liability, negligence and gross negligence.  Pl.'s Original Pet. at ¶¶ 14 & 20.  Defendants Daisy Manufacturing Co. ("Daisy") and Denton Sports Sales, Inc. ("Denton Sports") subsequently removed the suit to this court.  Notice of Removal at 1.

The facts underlying Plaintiff's suit are few and straightforward.  On July 20, 1999, Plaintiff Lon Jackson Darley IV suffered a serious and permanently debilitating brain injury after he was accidentally shot by a friend in the head with a Daisy Model 880 Air Gun .177 Cal. (4.5 mm).  Pl.'s Original Pet. at ¶¶ 9-11.  Plaintiff alleges that the accident and resulting injuries were proximately caused by a defect in the design and manufacturing process of the gun which permitted a BB to lodge surreptitiously in the gun's virtual magazine.  *Id*. at ¶ 20.  Based on this belief, Plaintiff filed the present suit against Defendant Daisy, the designer and manufacturer of the gun, and Defendant Denton Sports, the retailer from which Plaintiff's stepfather purchased the gun.  *Id*. at ¶¶ 5-6.

## II.     SUMMARY JUDGMENT STANDARD

Defendants now move this court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Rule 56 obligates a court to grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (stating that a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

While the party moving for summary judgment has the burden of satisfying Rule 56(c)'s two-pronged standard, the manner in which this burden is discharged depends on the allocation of the burdens of proof at trial.  Where the moving party bears the burden of proof on a claim or defense at trial, that party must come forward with evidence that shows "beyond peradventure all of the essential elements of [that] claim or defense" in order to prevail on its motion for summary judgment.  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  Alternatively, where, as in the present case, the moving party does not bear the burden of proof on the claims at trial, its burden may be discharged by simply showing that there is an absence of evidence to support the claims asserted.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Once the moving party discharges its burden under Rule 56, summary judgment is mandatory unless the non-moving party sets forth "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).  In this regard, it is important to note that a court may not grant summary judgment simply because the non-moving party fails to oppose it - even if the failure violates a local rule.  *See Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).  Alternatively, when faced with an unopposed motion for summary judgment, courts are obliged to treat it as such by accepting the moving party's description of the undisputed facts as *prima facie* evidence of its entitlement to judgment. Local Rule CV-7(d); *Eversley v. MBank of Dallas*, 843 F.2d 172, 173-74 (5th Cir. 1999).

**III.    DISCUSSION**

In the instant case, Defendants Denton Sports and Daisy move, in separate motions, for summary judgment on Plaintiff's product liability claims.  Because Plaintiff did not respond to either of Defendants' Motions, the court accepts Defendants' description of the pertinent facts as *prima*

*facie* evidence of their entitlement to summary judgment.  Local Rule CV-7(d); *Eversley*, 843 F.2d at 173-74.  For the following reasons, the court accordingly grants Defendants' Motions for Summary Judgment.

### a. Defendant Denton Sports's Motion for Summary Judgment

Defendant Denton Sports, as the alleged retailer of the Daisy Model 880 Air Gun, relies on TEX. CIV. PRAC. & REM. CODE § 82.003 to support its Motion for Summary Judgment.  Section 82.003 provides that a non-manufacturing seller of a product is not liable for harm caused by the product unless the claimant proves one of seven statutory exceptions contained therein.  TEX. CIV. PRAC. & REM. CODE § 82.003.  As Denton Sports has adduced undisputed evidence that negates each of the pertinent exceptions contained in section 82.003, *see* F. Hensley Aff. at 2 and L. Hensley Aff. at 2, the court finds that Denton Sports has met its burden under Rule 56(c) of showing that there is no genuine issue as to any material fact in this case and that it is entitled to a judgment as a matter of law.  As Plaintiff has failed to respond by setting forth specific facts showing that there is a genuine issue for trial, the court GRANTS Defendant Denton Sports's Motion for Summary Judgment.

### b. Defendant Daisy's Motion for Summary Judgment

Defendant Daisy claims that summary judgment is warranted because the Daisy Model 880 Air Gun was not in a defective condition at the time of sale or at the present time.  For a plaintiff to prevail on a products liability claim that lies in strict liability or negligence, the plaintiff must prove, *inter alia*, that the product in question was defective at the time of sale.  *See, e.g., McKisson v. Sales Affiliates, Inc.*, 416 S.W.2d 787, 788 (Tex. 1967) (adopting RESTATEMENT (SECOND) OF TORTS § 402A); RESTATEMENT (SECOND) OF TORTS § 402A (imposing strict liability on "one who sells any

product in a *defective* condition"); *V. Mueller & Co. v. Corley*, 570 S.W.2d 140, 143 (Tex. Civ. App.

1978) (noting that it is a plaintiff's burden under theories of both strict liability and negligence to

prove the defective condition of the alleged tortious product at the time it left the manufacturer or

seller's control).  In the instant case, the only evidence before the court establishes that the defect

alleged by Plaintiff does not exist - as, according to an affidavit by Dr. Robert Beeman, there is no

way for a BB to travel between the area where Plaintiff contends that the BBs lodged and the firing

chamber.  Beeman Aff. at ¶ 4.  As a result, the court finds that Defendant Daisy Manufacturing Co.

has met its burden under Rule 56(c) of showing that there is no genuine issue as to any material fact

in this case and that it is entitled to a judgment as a matter of law.  As Plaintiff has failed to respond

by setting forth specific facts showing that there is a genuine issue for trial, the court GRANTS

Defendant Daisy's Motion for Summary Judgment.

### c. Defendants' Motion in Limine

As a final matter, the court finds that the disposition of Defendants' Summary Judgment

Motions renders Defendants' Motion to Exclude Plaintiff's Evidence, or, Alternatively, Motion in

Limine moot.  The court accordingly DENIES AS MOOT Defendants Motion to Exclude Plaintiff's

Evidence, or, Alternatively, Motion in Limine.

**SIGNED this the 16th day of September, 2005.**

_Richard A. Schell_

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE